# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE WALTER            :     CIVIL ACTION
                                     :
            v.                     :     NO.  04-4165
                                     :
JO ANNE B. BARNHART,       :
Commissioner of Social Security    :

## MEMORANDUM AND ORDER

        AND NOW, this 29th day of August, 2005, upon consideration of the cross-

motions for summary judgment and the reply brief filed by the parties (Doc. Nos. 10, 11, and 12),

the court makes the following findings and conclusions:

        1.      On March 21, 2000, George Walter ("Walter") filed his current application
for disability insurance benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§
401-433, alleging an onset date of April 4, 1996. (Tr. 146, 147-149). After Walter's initial April
4, 2001, administrative hearing, the Administrative Law Judge ("ALJ") found that Walter was
not disabled. (Tr. 32-54, 118-124). On June 5, 2002, the Appeals Council reversed the ALJ's
decision and remanded it for further consideration of several issues. (Tr. 129-131). Walter's
second hearing was held on August 20, 2002, after which the ALJ again found that Walter was
not disabled and the Appeals Council denied review, thus making the ALJ's second decision the
final decision in this case.[1] (Tr. 7-11, 22-26, 55-90). Pursuant to 42 U.S.C. § 405(g), Walter
filed his complaint on September 2, 2004.

        2.      In her decision, the ALJ concluded that Walter's severe impairment
consisted of limitations associated with degenerative disc disease of the lumbar spine. (Tr. 23 ¶
4, 25 Finding 3).[2] The ALJ further found that Walter's impairment did not meet or medically
equal any listed impairments, that he could not perform his past work as a welder, but that he
retained the residual functional capacity ("RFC") to engage in a limited range of light and
sedentary work. (Tr. 23 ¶ 5, 24 ¶ 3, 25 Findings 4-5, 26 Findings 7, 11).

        3.      The Court has plenary review of legal issues, but reviews the ALJ's factual
findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r

---

[1] As a result, I have not considered the evidence which was not presented to the ALJ and was first presented
to the Appeals Council as Walter has not relied on this evidence nor has he argued that the additional evidence was
new, material, or was not presented earlier for good cause. See Fisher v. Massanari, 28 Fed. Appx. 158, 159-160 (3d
Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 854 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Walter raises two arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.     First, Walter argues that the ALJ did not properly explain her reliance on the three assessments of Dane K. Wukich, M.D. ("Dr. Wukich") dated April 23, 1998, December 3, 1999, and March 12, 2001.  (Tr. 461-474).  The ALJ stated in her decision that Dr. Wukich's assessments, which she gave considerable weight, were consistent with the Residual Functional Capacity ("RFC") assessment from the state agency medical consultant and the treatment records of Matthew T. Kline, M.D. ("Dr. Kline").  (Tr. 24 ¶ 1).  Walter argues that Dr. Wukich's assessments were not consistent with these two sources and, thus, the ALJ improperly relied on Dr. Wukich's assessments.  I disagree.  First, Walter contends that the RFC assessment is much more restrictive than Dr. Wukich's assessments and, therefore, the two items cannot be considered consistent with each other.  I note that the two sources are not technically consistent since the state agency medical consultant concludes that Walter can perform a wider range of work than is concluded by Dr. Wukich.  However, I agree with the Commissioner that the two sources are consistent in that neither source concludes that Walter is unable to perform work and since the RFC assessment provides for a broader range of work, Dr. Wukich's narrower range of work is not precluded by the RFC assessment.  (Compare Tr. 334-341 to 461-474).

       Walter also contends that Dr. Wukich's assessments and Dr. Kline's treatment notes are not in accord.  After reading the record, I find that Dr. Wukich's assessments are not inconsistent with Dr. Kline's records.  (Compare Tr. 412-431, 456-460 to 461-474).  Walter alleges that Dr. Kline's records support his assertion that he is unable to work due to disabling back pain.  On the contrary, Dr. Kline's notes show steady improvement marred only by occasional flare-ups due to overexertion.  (Tr. 412, 415-420, 423-430, 456-457, 459-460).  Dr. Kline's records do not show that Walter is unable to work nor do they contradict Dr. Wukich's assessments.  The ALJ properly explained her reliance on Dr. Wukich's assessments

and, thus, Walter's argument to the contrary must fail.[3]

      B.    Second, Walter contends that the ALJ should have given more weight to his subjective testimony regarding his pain and limitations.  In the Appeals Council's decision remanding the action to the ALJ, it directed the ALJ to, *inter alia*, "[f]urther evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529) and Social Security Ruling 96-7p."  (Tr. 130).  Walter claims that the ALJ ignored this directive.  I disagree with Walter as the ALJ does discuss many of the proper criteria for this analysis as outlined in the aforementioned regulation and ruling.  I also find that, although the ALJ's discussion of credibility is somewhat sparse, it is legally adequate and supported by substantial evidence.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001)(citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  Likewise, the ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.  Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)).

      As mentioned, the ALJ's discussion of credibility is truncated and does not discuss several issues.  For example, the ALJ, in noting that Walter only takes Celebrex as needed, failed to note that Walter claims to have an intolerance for stronger narcotic medicines.  (Tr. 24 ¶ 1, 47, 287).  In discussing Walter's daily activities, the ALJ claimed that Walter prepares meals for his children.  (Tr. 24 ¶ 2).  However, Walter explained that he does not actually make dinners (other than spaghetti) but simply heats up pre-prepared meals.  (Tr. 62, 83-85).  Finally, although the ALJ contended that Walter makes frequent trips to the grocery store, Walter actually testified that his wife does all of the grocery shopping but that he occasionally goes to the store for certain items as needed.  (Tr. 43, 63, 84, 251).  Regardless of these omissions, the ALJ's credibility findings are supported by the record and, thus, I will defer to them.  336 F.3d at 271.  Walter has undergone generally conservative treatment for his pain and the medical records show steady improvement with occasional flare-ups due to overexertion.  (see e.g. Tr. 286, 333, 342-46, 351-355, 357-371, 412-431, 456).  Likewise, as discussed above, the ALJ's findings are also supported by the reports of Dr. Wukich and the RFC assessment.  (Tr. 334-341, 461-471).  As a result, read as a whole, the record supports the ALJ's finding that Walter's pain is not totally disabling.  Furthermore, the ALJ followed the directives of 20 C.F.R. § 404.1529 and S.S.R. 96-7p as she discussed Walter's daily activities, alleged symptoms, medicinal regimen, treatment and assessments, as well as referencing his prior work as a welder.  (Tr. 23 ¶¶ 1-3, 24 ¶¶ 1-3).  Therefore, Walter's argument must fail.

      Upon careful and independent consideration, the record reveals that the

---

[3] Furthermore, it was unnecessary for the ALJ to specifically comment on whether Dr. Wukich's assessments were valid throughout the relevant time span because the assessments are consistent with the other medical evidence in the record spanning the entire temporal period.

Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law.  Therefore, it is hereby **ORDERED** that:

      5.    The motion for summary judgment filed by George Walter is **DENIED**;

      6.    The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST GEORGE WALTER**; and

      7.    The Clerk of Court is hereby directed to mark this case as **CLOSED**.

_____
LOWELL A. REED, JR., S.J.

4